UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THEODORE F. GRAVES,<br><br>               Plaintiff,<br><br>   v.<br><br>BERNARD WARNER, et al.,<br><br>               Defendants. | NO. 2:16-CV-0175-TOR<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Summary Judgment. ECF No. 19. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion for Summary Judgment (ECF No. 19) is **GRANTED**.

## BACKGROUND

On May 26, 2016, Plaintiff Theodore F. Graves, a Colorado inmate housed by the Washington Department of Corrections (DOC), filed *pro se* a 42 U.S.C.

§1983 claim.  ECF No. 7.  Plaintiff alleges that Washington prison officials have violated his due process rights under the Fourteenth Amendment by levying statutory deductions for the Cost of Incarceration (COI) and for Crime Victim Compensation (CVC) without prior notice and a meaningful hearing.  *Id.* at 3–4, 8. Plaintiff also alleges that Defendants violated the Contract Clause and Compact Clause by impairing the Interstate Corrections Compact (ICC) and the Contract between the states of Washington and Colorado (Contract).  *Id.* at 3–4.

On September 12, 2017, Defendants filed a Motion for Summary Judgment, including the required *Rand* notice.[1]  ECF Nos. 19; 21.  Defendants seek dismissal of all Plaintiff's claims with prejudice.  ECF No. 19 at 1.  Plaintiff has not timely responded to Defendants' Motion.

## DISCUSSION

A *pro se* litigant must file a response 30 days after the mailing of a dispositive motion.  Local Rule 7.1(b)(2)(A).  Here, Plaintiff failed to respond to Defendants' Motion for Summary Judgment.  Defendants properly filed a *Rand* notice stating that "if you do not file your response opposing either of these motions within the mandated timeframe, your failure to file a response may be considered by the court as an admission that the motion has merit."  ECF No. 21 at

---

[1]     *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc).

2 (citing Local Rule 7.1(b)(2)).  The Court will now consider the merits of

Defendants' Motion for Summary Judgment.

### A. Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  For purposes of summary judgment, a fact is "material" if it

might affect the outcome of the suit under the governing law.  *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact is "genuine" where the

evidence is such that a reasonable jury could find in favor of the non-moving party.

*Id.*  The moving party bears the initial burden of showing the absence of any

genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986).  The burden then shifts to the non-moving party to identify specific facts

showing there is a genuine issue of material fact.  *Anderson*, 477 U.S. at 256.

In ruling on a motion for summary judgment, the court views the facts, as

well as all rational inferences therefrom, in the light most favorable to the non-

moving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).  The court must only

consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764

(9th Cir. 2002).  There must be evidence on which a jury could reasonably find for

the plaintiff and a "mere existence of a scintilla of evidence in support of the

plaintiff's position will be insufficient."  *Anderson*, 477 U.S. at 252.

### A. 42 U.S.C. § 1983

Under 42 U.S.C. § 1983, a cause of action may be maintained "against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws,' of the United States." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983). The rights guaranteed by § 1983 are "liberally and beneficially construed." *Dennis v. Higgins*, 498 U.S. 439, 443 (1991) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 684 (1978)). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains.'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (brackets and emphasis omitted) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

#### 1. Due Process Violation

Defendants assert that Plaintiff's Complaint does not demonstrate procedural or substantive due process violations. ECF No. 19 at 5.

#### a. Procedural Due Process

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "Procedural due process rules are meant to protect persons not from the

deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259 (1978). "Due process 'is a flexible concept that varies with the particular situation.'" *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)).

Courts analyze procedural due process claims in two steps. First, the court "asks whether there exists a liberty or property interest which has been interfered with by the State." *Vasquez v. Rackauckas*, 734 F.3d 1025, 1042 (9th Cir. 2013) (internal quotation marks and citation omitted). If the court finds a protected interest, it proceeds to step two to determine what process is due. *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985). In this second step, the court "examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Vasquez*, 734 F.3d at 1042 (citation omitted). To guide the second step of the analysis, courts consider the three-part balancing test announced in *Mathews v. Eldridge*:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, Defendants argue that the DOC's process for retaining deductions is sufficient under *Matthews v. Eldridge*. ECF No. 19 at 8. Defendants concede that Plaintiff has a protected property interest in the incoming funds, but argues that the alleged deprivation was subject to adequate due process protections. *Id.* Under the first *Matthews* factor, Defendants assert that Plaintiff's private interest is not substantial. *Id.* Plaintiff states that the value of total deductions towards COI is $590.34 and toward CVC is $1,908.20, as of the date of the Complaint. ECF No. 7 at 9–10. Defendants emphasize that for the past nine and a half years, DOC deducted an average of just over $60 towards COI and $200 towards CVC, per year. ECF No. 19 at 9. Defendants argue that the sums are closer to the $20 and $110.27 expenses found insubstantial in *Sickles v. Campbell*, rather than the $60,000 found substantial in *Shinault v. Hawks*. *Id.* at 8–9; *Shinault v. Hawks*, 782 at 1055–59 (citing *Sickles v. Campbell Cnty., Ky.*, 501 F.3d 726, 730 (6th Cir. 2007)).

Second, Defendants contend that the risk of erroneous deprivations through DOC's procedure for making deductions is low because Washington's deduction scheme merely requires DOC to deduct a set percentage of certain deposits. ECF NO. 19 at 9; RCW § 72.09.111(1); RCW § 72.09.480(2). Defendants emphasize that the deductions are routine transactions involving no discretion and thus there is very little risk of erroneous deprivation. ECF No. 19 at 9. Third, Defendants

argue DOC would be significantly burdened, administratively and financially, if it were required to conduct a quasi-judicial, pre-deprivation hearing every time an insubstantial statutory deduction is levied. *Id.* at 10.

Upon balancing of the *Matthews* factors, the Court finds that Defendants' argument has merit. The deductions are likely not substantial, risk of erroneous deprivation is low, and Defendants would certainly be burdened by additional procedural safeguards.

Additionally, there is evidence that the DOC's orientation procedures satisfied due process. Upon arrival at the Clallam Bay Correction Center, Plaintiff received information on inmate life, including an introduction to offender banking and offender trust accounts. ECF Nos. 19 at 5–6; 20 at ¶ 3. This information included mandatory deductions that Washington levies on the funds of all inmates in DOC custody. ECF Nos. 19 at 6; 20 at ¶¶ 3–4, 11. Therefore, Plaintiff had notice that the statutory deductions would apply to him.

Plaintiff was also provided with adequate post-deprivation remedies. DOC inmates are provided an accounting of their deductions and may challenge the deductions through prison grievance procedures or by filing a tort claim with the state. ECF No. 19 at 6; *see Zinermon*, 494 U.S. at 132 ("[I]n situations where a predeprivation hearing is unduly burdensome in proportion to the liberty interest at stake ... postdeprivation remedies might satisfy due process."); *see also Wright v.*

*Riveland*, 219 F.3d 905, 918 (2000) (holding that Washington's grievance process and tort suit provide adequate post-deprivation remedies for unauthorized deductions from a prisoner's account). Here, Plaintiff filed a grievance requesting the return of his funds. ECF Nos. 7 at 11–12; 20-1 at 19 (Ex. D). The grievance was investigated, finding that Plaintiff's account was correct and the deductions would continue under RCW 72.09.111 and RCW 72.09.480. ECF No. 20-1 at 21 (Ex. E). On appeal, the investigation found that the DOC policy is applicable to any person in the custody of the DOC, including persons from another state. ECF No. 20-1 at 23 (Ex. F). Yet, Plaintiff is not protected from the deprivation of his protected property interest, but the mistaken or unjustified deprivation thereof. *Carey*, 435 U.S. at 259. There has been no showing of an unjustified deprivation and Plaintiff's alleged exhaustion of administrative remedies is not sufficient to show that additional procedures are constitutionally required.[2]

Accordingly, the Court dismisses Plaintiff's procedural due process claim with prejudice.

---

[2] The Court need not address Defendants' argument that the Court can also find Plaintiff was provided due process because the Washington State Legislature lawfully enacted the statutes at issue. ECF No. 19 at 11. The Court has already dismissed Plaintiff's procedural due process claim.

### b. Substantive Due Process

The Fourteenth Amendment also protects individuals from the arbitrary deprivation of their protected interests. "Legislative acts that do not impinge on fundamental rights or employ suspect classifications are presumed valid, and this presumption is overcome only by a 'clear showing of arbitrariness and irrationality.'" *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994) (citation omitted). In conducting this inquiry, the Court looks to whether the legislation "advances any legitimate public purpose" and "if it is at least fairly debatable that the [legislative] decision ... was rationally related to legitimate governmental interests." *Id.* (internal quotation marks omitted). The plaintiff bears the "extremely high" burden of showing that a statute is arbitrary and irrational. *Richardson v. City & Cty. of Honolulu*, 124 F.3d 1150, 1162 (9th Cir. 1997).

Here, Defendants assert that Plaintiff has no substantive due process claim because the deductions are not arbitrary. ECF No. 19 at 13. First, in regards to the COI deductions, the state has a legitimate government interest in conserving taxpayer resources by sharing the costs of incarceration. While Plaintiff is a Colorado offender, Washington bears the costs of providing for his care and custody while he is housed in Washington. The COI deductions are "used only for the purpose of enhancing and maintaining correctional industries work programs,"

1  and are thus rationally related to Washington's legitimate interest in preserving

2  taxpayer funds that would otherwise go to its prison systems.  RCW 72.09.111(7);

3  *see In re Pierce*, 173 Wash.2d 372, 381 (2011) (en banc).  The Court finds that

4  Plaintiff has not met the extremely high burden of demonstrating the COI

5  deductions do not advance any legitimate public purpose.

6  Second, in relation to the CVC deductions, the state has a legitimate interest

7  in compensating crime victims.  Although the victim is not from Washington, this

8  does not negate Washington's legitimate interest in assisting crime victims in

9  general.  *See McCoy v. Clarke*, No. CV-05-5036-AAM, 2005 WL 1979141, at *4

10  (E.D. Wash. Aug. 16, 2005).  The CVC deductions are deposited in a special crime

11  victim's compensation account and are thus rationally related to Washington's

12  legitimate interest in providing for victims of crime.  RCW 7.68.045.  The Court

13  also finds that Plaintiff has failed to meet the extremely high burden of

14  demonstrating the CVC deductions do not advance any legitimate public purpose.

15  Accordingly, the Court concludes that Defendants are entitled to summary

16  judgment on Plaintiff's substantive due process claim, as deductions under RCW

17  chapter 72.09 are "rationally related to the legitimate government interests of

18  curtailing the costs of incarceration and compensating victims of crime."  *In re*

19  *Metcalf*, 92 Wash. App. 165, 177 (1998).  The Court dismisses Plaintiff's

20  substantive due process claim with prejudice.

### 2. Contract Clause Violation

The Contract Clause states, "No State shall … pass any … Law impairing the Obligation of Contracts."  U.S. Const., art. I, § 10, cl. 1.  A Contract Clause claim is analyzed under three factors:  (1) whether there is a contractual relationship, (2) whether a change in law impairs that contractual relationship, and (3) whether the impairment is substantial.  *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992).

Here, Plaintiff alleges that RCW §§ 72.09.111 and 72.09.480 violate the ICC and the Contract, amounting to a violation of the Contract Clause.  ECF No. 7 at 3–4, 8–11.  Defendants argue that Plaintiff fails to establish Defendants' involvement in any change of law that would create a violation or impairment of the ICC.  ECF No. 19 at 15.  Additionally, Defendants contend that the statutes at issue do not violate or impair the ICC because the statutes agree with both the ICC and the Contract.  *Id.*

Plaintiff cites that the receiving state of a transferred inmate is merely an agent for the sending state, that inmates are at all times subject to the jurisdiction of the sending state, and that a receiving state shall not deprive a transferred inmate of any legal rights he or she would have had if confined in the sending state.  ECF No. 7 at 8; RCW 72.74.020(4)(a), (c), (e), (h).  Yet, Defendants assert that Plaintiff fails to quote the ICC provision fatal to his claim, "All inmates who may be

confined in an institution pursuant to the provisions of this compact … shall be treated equally with such similar inmates of the receiving state as may be confined in the same institution." ECF No. 19 at 15; RCW 72.74.020(4)(e).

Defendants also argue Plaintiff does not have a claim under the Contract, which states, "*Except where expressly otherwise provided in this contract or by law*, the laws and administrative rules and regulations of the sending state shall govern in any matter relating to an inmate confined pursuant to this contract and the [ICC]." ECF Nos. 19 at 16; 20-1 at 125 (Ex.2). Defendants emphasize that Plaintiff omitted the italicized statement when quoting from the Contract and that the Contract expressly allows for statutory provisions. ECF Nos. 7 at 6; 19 at 16. The Contract also allows for the sharing of costs and reimbursements, "*Except as otherwise specifically provided in this contract*, each state shall bear the cost of providing care and custody of the inmate sent to it." ECF Nos. 19 at 16; 20-1 at 132 (Ex. 2). Plaintiff again failed to quote the italicized language. ECF No. 7 at 7. Lastly, the Contract declares that inmates in the custody of a receiving state "shall be subject to all the provisions of law and regulations applicable to persons committed for violations of law of the receiving state not inconsistent with sentenced imposed." ECF Nos. 19 at 16; 20-1 at 129 (Ex. 2).

The Court finds that Defendants' argument has merit and there is no evidence that the statutes at issue impair the contractual relationship under the ICC

or the Contract.  Accordingly, the Court dismisses Plaintiff's Contract Clause claim with prejudice.

Plaintiff has not shown standing to raise a Contract Clause violation.  He is not a signator, nor is he a third-party beneficiary of the ICC or the Contract. Accordingly, Plaintiff has no standing to bring this claim and it is also dismissed with prejudice for this reason.

### 3.  Compact Clause Violation

Plaintiff also asserts that Defendants violated the Compact Clause.  ECF No. 7 at 3.  The Compact Clause states, "No State shall, without the Consent of Congress, … enter into any Agreement or Compact with another State …."  U.S. Const. art. I, § 10, cl. 3.  The Ninth Circuit has determined that violation of the Compact Clause cannot be a basis for an action brought pursuant to § 1983, as the ICC is not federal law nor does it create a liberty interest that is protected by the due process clause.  *Ghana v. Pearce*, 159 F.3d 1206, 1208–09 (9th Cir. 1998). Therefore, the Court concludes that Plaintiff is unable to allege a viable claim under the Compact Clause and the claim is dismissed with prejudice.

### 4.  Qualified Immunity

The Court need not address Defendants' qualified immunity claim, as the Court has already dismissed all of Plaintiff's claims with prejudice.  *See* ECF No. 19 at 18.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

    1.  Defendants' Motion for Summary Judgment (ECF No. 19) is

        **GRANTED**.

    2.  Plaintiff's claims are **DISMISSED with prejudice**.

The District Court Executive is directed to enter this Order, enter judgment for Defendants, furnish copies to the parties, and **CLOSE** the file.  Each party to bear its own costs and expenses.

    **DATED** November 28, 2017.



            THOMAS O. RICE
        Chief United States District Judge